UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIFFORD CATO<br>471 Commonwealth Ave.<br>Bronx, NY 10473 | CASE NO. _____ |
| Plaintiff, | CIVIL ACTION |
| v. | |
| UNITED PARCEL SERVICES, INC.<br>55 Glenlake Parkway NE<br>Atlanta, GA 30328 | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL ACTION COMPLAINT

Plaintiff Clifford Cato (hereinafter referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Plaintiff for wrongful termination. Plaintiff was terminated in violation of the Family and Medical Leave Act. As a direct consequence of Defendant's actions, Plaintiff has suffered damages as set forth herein.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction because Plaintiff has filed a federal claim under the Family and Medical Leave Act, a federal law.

3. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic and continuous activity in New York City and is subject to personal jurisdiction in New York.

## PARTIES

4. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

5. Plaintiff is an adult with the address set forth above.

6. Defendant is a company that offers overnight courier, ground, heavy freight, document copying and logistics serves. Defendant employs more than fifty (50) people.

7. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff was employed with Defendant from March 2003 until April 2007.

10. Plaintiff was a full time employee with Defendant and worked in excess of 1250 hours during the preceding year.

11. On or about March 29, 2007, Plaintiff was involved in a motor vehicle wherein her sustained injuries to his neck and back.

12. Plaintiff informed his manager Mike Barry about the accident and that he had suffered injuries.

13. As a result of the accident, Plaintiff sought medical treatment and began attending physical therapy for his injuries. Following the accident, Plaintiff followed his Doctor's orders and continued to take medication and participated in physical therapy.

14. Plaintiff was cleared by his doctor to return to work on light duty and provided Plaintiff a note to provide to his employer, which Plaintiff gave to Mr. Barry.

15. Despite being placed on light duty, Plaintiff would often experience pain that would temporarily prevent him from completing his job duties. Plaintiff requested that he be given time off from Mr. Barry due to the pain and to attend physical therapy sessions, which was denied.

16. On or about April 10, 2007, Mr. Barry contacted Plaintiff and told him that he was being terminated. Shortly thereafter, on or around May 17, 2007, Kurt Geiger contacted Plaintiff and informed him that he would not be terminated and that he should come in and pick up the short-term disability paperwork.

17. Plaintiff was never advised of his rights pursuant the Family and Medical Leave Act.

18. Plaintiff was qualified to take leave pursuant to the Family and Medical Leave Act.

19. Defendant had an affirmative obligation to notify Plaintiff of his right to take leave pursuant the Family and Medical Leave Act.

20. Plaintiff believes that Defendant interfered with his rights to take leave as pursuant the Family and Medical Leave Act.

### Count I
### Violation of Family and Medical Leave Act
### (Interference and Retaliation)

21. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

22. Plaintiff's injuries constitutes a "serious health condition" under the Act because it (a) prevented Plaintiff from being able to perform his occupational duties, (b) required regular physical therapy and medication, (c) lasted longer than three days and required a continuing regimen of treatment.

23. Plaintiff gave notice to Defendant and agents of Defendant immediately after suffering injuries that he was seeking medical treatment.

24. Plaintiff provided medical documentation that he was seeking medical treatment and would require further medical treatment.

25. Plaintiff's employment and medical benefits were illegally terminated in April 2007 for suffering from a qualifying injury under the FMLA.

26. Plaintiff also interfered with Plaintiff's FMLA rights by not informing him of his rights pursuant to the Family and Medical Leave Act.

27. As a direct, proximate, and actual cause of Defendant's actions, Plaintiff has suffered damages, including but not limited to past lost earnings, future lost earnings, and lost benefits.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of taking adverse action upon employee(s) who exercise their rights under the FMLA.

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.

Plaintiff should be accorded those benefits illegally withheld (if determined that there are such benefits) from the date he was terminated until the date of the verdict.

    C.    Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

    D.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

    E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

    F.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

    Respectfully submitted,

**KARPF, KARPF & VIRANT**

By: _____
Adam C. Virant (AV5429)
140 Broadway, 46th Floor
New York, NY 10005
(212) 929-6030

Dated: November 29, 2007