IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CLIFFORD CATO

        Plaintiff,

    v.

UNITED PARCEL SERVICES, INC.

        Defendant.

Case No. 07-10992 (D.C.)

**DEFENDANT'S INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant United Parcel Service, Inc. ("Defendant" or "UPS"), by and through its attorneys, Akin Gump Strauss Hauer & Feld LLP, hereby provides its initial disclosures to Plaintiff Clifford Cato ("Plaintiff" or "Cato").

General Statement

1. By providing information pursuant to any provision of Federal Rule of Civil Procedure 26(a)(1), Defendant does not concede the materiality of the subject to which it refers. Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information produced or identified in any proceeding, including the trial of this action or any subsequent proceeding.

2. Defendant objects to the provisions of Rule 26(a)(1) to the extent that they demand information that is protected by the attorney-client or work product privilege.

3. Identification of any document that is privileged or is otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to

discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendant is continuing to search for documents and information relevant to this litigation and therefore reserves the right to supplement or amend its responses to each provision of Rule 26(a)(1), if necessary. Defendant also reserves the right to object to the future disclosure of any such documents and/or information.

A. <u>Individuals Likely to Have Discoverable Information</u>

Defendant identifies the following individuals who are likely to have discoverable information that Defendant may use to support its claims or defenses. This list reflects information reasonably available to Defendant at present. Defendant reserves the right to supplement this information if additional or different information is obtained.

The following individuals are likely to have information concerning one or more of the following subjects: (1) terms and conditions of Plaintiff's relationship with UPS; (2) Plaintiff's job responsibilities, duties, and work performance at UPS; (3) the requirements and essential job functions of Plaintiff's position; (4) Defendant's policies and procedures; and (5) other relevant facts relating to Plaintiff's employment with UPS:

 1. Michael J. Barry
    UPS
    46-05 56th Road
    Maspeth, NY 11378
    Mr. Barry may be contacted through Defendant's counsel.

 2. Leon Marsh
    UPS
    c/o Tom Young
    300 Oak Street
    Uniondale, NY 11553
    Mr. Marsh may be contacted through Defendant's counsel.

2

    3.     Howard Downer
UPS
c/o Tom Young
300 Oak Street
Uniondale, NY 11553
Mr. Downer may be contacted through Defendant's counsel.

    4.     Michelle McKenzie
UPS
46-05 56th Road
Maspeth, NY 11378
Ms. McKenzie may be contacted through Defendant's counsel.

    5.     Tom Young
UPS
300 Oak Street
Uniondale, NY 11553
Mr. Young may be contacted through Defendant's counsel.

B.    <u>Documents Relevant to Disputed Facts Alleged in Pleadings</u>

Defendant identifies the following categories of documents, described below, as documents that may be used to support claims or defenses. Portions of these categories of documents may consist of confidential information, including information that is the subject of this lawsuit, and may therefore necessitate entry of an appropriate protective order or agreement prior to their production. Again, this information reflects information reasonably available to Defendant at this time, and Defendant reserves the right to supplement this information if additional or different information is obtained.

Defendant makes claims of privilege as to all communications between itself and its attorneys (attorney-client privilege), as well as to all documents created in reasonable anticipation of litigation (trial preparation, attorney work product, party communications, and witness statements), and all other applicable doctrines of privilege and work product. The categories of documents that Defendant may use to support its claims or defenses are the following:

1. Documents relating to Plaintiff's employment; and

2. Documents relating to Plaintiff's claim(s) for disability payments.

C. Computation of Damages

Not applicable.

D. Insurance Agreement

There is no insurance agreement under which an insurance business may be liable to satisfy all or part of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: New York, New York
April 10, 2008

Respectfully submitted,

By: _____
Richard J. Rabin (RR-0037)
Kenneth L. Shaitelman (KS-4622)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)

*Attorney for United Parcel Service, Inc. ("UPS"), incorrectly identified as "United Parcel Services, Inc."*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant's Initial Disclosures was served by facsimile and overnight delivery this 10th day of April 2008 on the following:

        Adam C. Virant
        Karpf, Karpf & Virant
        140 Broadway, 46th Floor
        New York, New York 10005

        _____
        Richard J. Rabin