IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

|  |  |  |
|---|---|---|
| CLIFFORD CATO | : | Case No. 07-10992 (DC) |
| Plaintiff, | : | |
| | : | **ANSWER TO FIRST AMENDED** |
| v. | : | **CIVIL ACTION COMPLAINT** |
| | : | |
| UNITED PARCEL SERVICES, INC. | : | |
| Defendant. | : | |

------------------------------------------------------------:

Defendant United Parcel Service, Inc. ("UPS"), incorrectly identified as "United Parcel Services, Inc.," by and through its attorneys Akin Gump Strauss Hauer & Feld LLP, hereby answers the First Amended Civil Action Complaint ("First Amended Complaint") filed by Clifford Cato ("Plaintiff") as set forth below. UPS further states that any allegation in the First Amended Complaint that is not expressly admitted below is denied.

## INTRODUCTION

1.    UPS admits that this action has been initiated by Plaintiff but denies all of the other allegations contained in Paragraph 1 of the First Amended Complaint.

## JURISDICTION AND VENUE

2.    Paragraph 2 of the First Amended Complaint contains conclusions of law to which no response is required.

3.    Paragraph 3 of the First Amended Complaint contains conclusions of law to which no response is required.

1

## PARTIES

4.     For its answer to Paragraph 4 of the First Amended Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 3 above.

5.     UPS admits that Plaintiff is an adult but is without knowledge or information to support the allegation that Plaintiff currently resides at the address provided.

6.     UPS admits that it employs more than 50 people and that it offers overnight courier, ground, freight, and document copying services but denies that it offers what Plaintiff refers to as "logistic serves."

7.     UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the First Amended Complaint.

## FACTUAL BACKGROUND

8.     For its answer to Paragraph 8 of the First Amended Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 7 above.

9.     UPS denies that Plaintiff began his employment with the company in March 2003 but admits that his employment terminated in April 2007.

10.     UPS denies that Plaintiff was a full-time employee at UPS.  UPS is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 10 of the First Amended Complaint.

11.     UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the First Amended Complaint.

12.    UPS admits that Plaintiff informed his manager Mike Barry that he had been in an accident but denies that he told Mr. Barry that he had suffered injuries. Further, UPS avers Plaintiff did not apply for workers' compensation benefits or short-term disability at that time.

13.    UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the First Amended Complaint.

14.    UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the First Amended Complaint.

15.    UPS admits that Plaintiff worked on light duty for a period of time but denies knowledge or information sufficient to form a belief as to the allegation that "Plaintiff would often experience pain that would temporarily prevent him from completing his job duties." UPS denies that Plaintiff requested time off from Mr. Barry and also denies that such request was denied.

16.    UPS admits that on or about April 10, 2007, Mr. Barry communicated with Plaintiff to tell him that he was being discharged.

17.    UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the First Amended Complaint.

18.    UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the First Amended Complaint. In any event, Paragraph 18 contains conclusions of law to which no response is required.

19.    UPS denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20.    Paragraph 20 of the First Amended Complaint contains an opinion of Plaintiff; as such, no response is required.

**Count I**
**Violation of Family and Medical Leave Act**
**(Interference and Retaliation)**

21.    For its answer to Paragraph 21 of the First Amended Complaint, UPS

incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1

through 20 above.

22.    UPS is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 22 of the First Amended Complaint.  In any event, Paragraph 22

contains conclusions of law to which no response is required.

23.    UPS is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 23 of the First Amended Complaint.

24.    UPS is without knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 24 of the First Amended Complaint.

25.    UPS denies the allegations in Paragraph 25 of the First Amended Complaint.

26.    UPS denies the allegations in Paragraph 26 of the First Amended Complaint.

27.    UPS denies that its actions were the "direct, proximate, or actual cause" of any

damages suffered by Plaintiff.

UPS denies that Plaintiff is entitled to any of the relief sought in the lettered paragraphs

following Paragraph 27 of the First Amended Complaint.

**DEFENSES**

1.    The First Amended Complaint, or portions thereof, fails to state a claim upon

which relief can be granted.

2.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

estoppel, laches, ratification, acquiescence, and unclean hands.

3.    Plaintiff has failed to satisfy conditions precedent to maintaining this action, including but not limited to the fact that Plaintiff never requested leave or time off.

4.    UPS did not deprive Plaintiff of any benefits to which he may have been entitled.

5.    The alleged acts or omissions of UPS were not the direct, proximate, or actual cause of any injuries or damages allegedly incurred by Plaintiff.

6.    To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and losses were a result of Plaintiff's own conduct and/or omissions.

7.    Plaintiff voluntarily abandoned his job at UPS.

8.    UPS's decision to terminate Plaintiff's employment was based solely upon his abandonment of his job and in no way related to his rights under the Family and Medical Leave Act (FMLA).

9.    On the facts alleged, Plaintiff is not entitled to equitable or injunctive relief, the costs and expenses of this action, attorneys' fees, or the compensatory and other damages requested in the First Amended Complaint.

10.    Plaintiff is not entitled to any liquidated damages because UPS at all times acted in good faith and with reasonable grounds for believing that it had not violated the FMLA.

11.    Plaintiff is not entitled to any recovery because any alleged acts or omissions by UPS were made in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies.

12.    Plaintiff has mitigated or failed to mitigate damages, in whole or in part.

UPS reserves the right to add, alter, and/or amend its defenses and affirmative defenses as the course of discovery so requires.

5

WHEREFORE, having fully answered the First Amended Complaint, UPS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, or in the alternative, that each and every request for relief in the First Amended Complaint be denied and that all costs and attorneys' fees be awarded to UPS against Plaintiff along with such other relief as the Court may deem just and proper.

Dated: New York, New York
      May 23, 2008

Respectfully submitted,

By:

Richard J. Rabin (RR-0037)
Kenneth L. Shaitelman (KS-4622)
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)

*Attorneys for Defendant United Parcel Service, Inc. ("UPS"), incorrectly identified as "United Parcel Services, Inc."*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2008, the foregoing document was filed with

the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure,

and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic

Service, and via regular first class U.S. mail, postage prepaid, upon the following:

Adam C. Virant
Karpf, Karpf & Virant
140 Broadway, 46th Floor
New York, NY 10005

*Counsel for Plaintiff Clifford Cato*

Richard J. Rabin