USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CLIFFORD CATO                              :       Case No. 07-10992 (DC)
                                           :
        Plaintiff,                        :
                                           :
v.                                         :
                                           :
UNITED PARCEL SERVICES, INC.               :
                                           :
        Defendant.                        :
                                           :

## CONFIDENTIALITY AGREEMENT AND ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and among the Parties and their Counsel that:

1. The Parties shall exchange certain responsive data, documents, and information in the Discovery Process. Such data, documents, and information which a Party considers Confidential shall be conspicuously marked "Confidential" or identified as "Confidential" and shall be deemed Confidential and subject to the restrictions of this Confidentiality Agreement.

2. "Confidential" data, documents, and information, as that term is used in this Agreement, means data, documents, electronically stored information, discovery responses, testimony, and all other material or information, whether in paper, electronic, digital, or other format, that is produced or supplied by any party or non-party in this action, including, but not limited to: (a) the names, acronyms, and identity of UPS computer systems, databases, programs, and software; (b) the identity of UPS intranet sites; (c) methods of access, usage requirements, and limitations relating to UPS computer systems, databases, programs, software, and intranet; (d) any modifications, additions, and exclusions relating to UPS computer systems, databases, programs, software, and intranet; (e) the identity, description, methods of access, usage

requirements, and limitations relating to computer systems, databases, programs, and software used by UPS, but provided, maintained or transmitted by third-parties; (f) the identity of any third-parties with whom UPS works or contracts to obtain, maintain, store, or transmit information relating to job applicants and employees; (g) contracts and other confidential or proprietary information between or among UPS and any third-party relating to computer systems, databases, programs, software, web-based applications, and its intranet; (h) data fields relating to any system, database, program, web-based application, or software maintained by UPS or utilized by UPS; (i) data dictionaries or record layout; (j) field or data elements; (k) explanatory codes/values; (l) explanatory tables; (m) codebooks; (n) table descriptors; (o) the location of documents on UPS computer systems and/or intranet; (p) online/web-based manuals, (q) web-listings, (r) data, data files, or information maintained in any UPS computer system, database, program, software or its intranet; and (s) data, data files, or information that is obtained, maintained, or stored in, or transmitted by, any third-party computer system, program, software or web-based application which is used by UPS.

3. Data, documents, and information marked or identified as "Confidential" shall be used only for the preparation, trial, and/or hearings in this matter and for no other purpose except as may be required by law.

4. Data, documents, and information marked or identified as "Confidential" shall not be revealed or disclosed except to:

    a. The Court, its employees, and necessary clerical support staff;

    b. Counsel of record in this action, and necessary clerical and support staff employed by counsel of record (who shall not be required to execute the Confidentiality

Acknowledgment and Affirmation, annexed as Exhibit "A" but all of whom shall, nevertheless, be bound by this Agreement);

  c. The Parties and any employees, former employees or agents thereof, provided that, before disclosure of the Confidential data, documents, and information to any employees, former employees or agents, such employees, former employees or agents shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be provided to and maintained by counsel for the disclosing Party;

  d. Persons consulted for the purpose of providing expert or technical services in connection with discovery or preparation for trial of this action, or for the purpose of offering expert testimony at the trial and/or hearings in this action, provided that, before disclosure of the Confidential data, documents, and information to said persons, each shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be provided to and maintained by counsel for the disclosing Party;

  e. Stenographic reporters (and their staff) involved in depositions or other proceedings in this action; and

  f. Witnesses appearing at depositions, hearings, or trials in this matter.

5. Persons entitled to access to Confidential data, documents, and information shall not disclose such Confidential data, documents, and information to any person or entity other than those entitled to access as provided in this Confidentiality Agreement. A person or an entity not entitled to access to the Confidential data, documents, and information can or will be provided disclosure thereof upon agreement of the Parties or if either Party demonstrates to the Court that there is a sufficient and reasonable basis and necessity for such disclosure of specific Confidential data, documents, and information but, otherwise, no person or entity other than

those designated in this Confidentiality Agreement shall have access to the Confidential data, documents, and information. If the Court determines that a person or an entity not entitled to access to the Confidential documents and documents pursuant to this Confidentiality Agreement has a sufficient and reasonable basis and necessity for disclosure, then that person or entity shall execute a Confidentiality Acknowledgement and Affirmation in the form annexed as "Exhibit A", which shall be provided to and maintained by counsel for the disclosing Party. Notwithstanding the foregoing, nothing in this Confidentiality Agreement shall restrict any party or person or entity from use of his, her, or its own Confidential data, documents, and information for any purpose.

6. If data, documents, or information deemed Confidential pursuant to this Confidentiality Agreement are utilized and disclosed in an affidavit, declaration, or any other document filed in Court, such data, documents, and information shall be filed under seal bearing a statement in the following form:

### CONFIDENTIAL

> By agreement between and among Plaintiff Clifford Cato and Defendant United Parcel Service, Inc., dated June __, 2008, which agreement is the subject of the Court's order of June ___, 2008, the contents of this document are not to be displayed or revealed without prior court order.

7. If data, documents, or information deemed Confidential pursuant to this Confidentiality Agreement are used and disclosed at a deposition, hearing, or other proceeding, any person or entity, its officers, employees and agents not entitled to access to data, documents, and information deemed Confidential under this Confidentiality Agreement shall be precluded from attending that portion of the deposition, hearing, or other proceeding in which Confidential data, documents, and information shall be used and disclosed. In addition,

the portion of the deposition, hearing, or other proceeding transcript containing the Confidential data, documents, and information shall not be disclosed to any person or entity, its officers, employees or agents not entitled to access to said Confidential data, documents, and information.

8. Upon request of any party made during or at the conclusion of a deposition, transcripts of depositions, and exhibits thereto, may, in their entirety, be treated as Confidential Material for a period of 15 days after such transcripts are actually received by counsel for each of the parties. During that 15-day period, deposition transcripts, and exhibits thereto, may be designated as Confidential Material pursuant to the terms of this Agreement by notifying all counsel in this case in writing. Any party or deponent may also designate specific testimony or transcript pages as Confidential Material by notice on the record at the deposition. If any document, data, or information designated as Confidential Material pursuant to this Agreement is used during the course of a deposition herein, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order.

9. This Confidentiality Agreement shall in no way affect or impair the right of any party or person or entity, its officers, employees or agents, to raise or assert any defense or objection, including, but not limited to, defenses or objections to the discovery or production of data, documents, and information, and to the use, relevancy or admissibility at trial or at any hearing of any evidence.

10. If any receiving Party disagrees with the designation for certain data, documents, or information, the receiving Party shall object to the designation. Any Party who wishes to object to the designation shall serve written objections (including a statement of the

legal or factual basis for the objection) on all other counsel of record and request a conference to resolve the matter. The Parties shall make a good faith effort to resolve the dispute. If the dispute cannot be resolved, either Party can apply to the Court for determination as to whether the designation is proper. Pending a ruling by the Court on the motion, the terms of this Confidentiality Agreement shall remain in effect for the data, documents, and information that are the subject of said motion.

11. Within seven (7) days of the filing of any court documents under seal, in the event that any Party disagrees with such documents being under seal, that Party shall object to the documents being filed under seal or else waive any objection. The objecting Party shall within that seven (7)-day period serve written objections on all other counsel of record, and the Parties shall make a good faith effort to resolve the dispute. If the dispute cannot be resolved, the objecting Party shall file a motion to remove the documents from under seal, and the Party that designated the documents confidential and subject to seal shall file a written response. Pending a ruling by the Court on any such motion, the documents covered by the motion shall remain under seal.

12. The provisions of this Agreement shall not terminate at the conclusion of this action. Within 90 days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all data, documents, and information, and any copies thereof, marked "Confidential" under this Confidentiality Agreement shall be destroyed or returned to the Producing Party.

13. This Confidentiality Agreement shall remain in effect until modified, superseded, or terminated by written consent of the Parties hereto or by court order.

14. If a producing Party produces any data, documents, or information that the producing party thereafter claims to be privileged or protected, the producing party will give notice thereof to the receiving party in writing. Within five days, the document, data or information in question (and all notes and work product quoting, referring or relating thereto) will then be returned to the producing party or the Court, or the receiving party will certify that any and all copies have been retrieved and destroyed. If the receiving party has disclosed the information to others before being notified of the claim of privilege or protection, the retrieving party must take reasonable steps to retrieve and return or destroy the disclosed information. The receiving party upon receiving a privilege log identifying the document remains free to challenge any claim of privilege or protection, but shall not make any claim that the production of the document effected a waiver of any privilege or protection. Moreover, absent a ruling that the document, data, or information at issue is not privileged or protected, a receiving party may not disclose nor make any use whatsoever of the information disclosed in or derived from the document or information at issue. In the interests of effectuating this order and protecting the efficient process of discovery in this Court, the Court further rules that productions during the course of this case of materials or information claimed to be privileged or protected and sought to be reclaimed by the parties to this case under this paragraph shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case. Nothing in this Agreement overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the producing Party that such materials have been produced.

15. If a producing Party inadvertently fails to stamp certain documents upon their production, it may, at any time, designate such documents as Confidential Material. In that

case, at the request and expense of the producing Party, and upon receipt of the new documents subsequently designated as Confidential Material, the receiving Party shall either destroy or return the original documents inadvertently not designated as Confidential Material to the producing Party. The receiving Party shall not be held liable or responsible for any disclosure prior to the subsequent designation of the documents as Confidential Material.

16. If any Party or person that has obtained Confidential Material under the terms of this Agreement receives a subpoena or other legal process commanding the production of any such documents or information (the "subpoena"), such Party or person shall within five (5) business days notify counsel for the producing Party or the party that designated the information or documents as Confidential Material of the service of the subpoena. The Party or person receiving the subpoena shall not produce any Confidential Material in response to the subpoena without either the prior written consent of the Party or person that designated the information or documents as Confidential Material or an order of a court of competent jurisdiction. However, the Party or person that designated the information or documents as Confidential Material in such case shall have the burden of seeking a court order relieving the subpoenaed Party or person of the obligations of the subpoena prior to the return date of such subpoena, or the subpoenaed Party or person shall be relieved of its obligations under this Paragraph.

The undersigned hereby consent to the form and substance of this Confidentiality Agreement.

By: *(signature)*
Richard J. Rabin (RR-0037)
Kenneth L. Shaitelman (KS-4622)
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, NY 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)

*Attorneys for Defendant United Parcel Service, Inc. ("UPS"), incorrectly identified as "United Parcel Services, Inc."*

By: *(signature)*
Adam C. Virant (AV-5429)
Jeremy M. Cerutti
KARPF, KARPF & VIRANT
140 Broadway, 46th Floor
New York, NY 10005
(212) 929-6030 (tel)
(212) 929-6123 (fax)

*Attorneys for Plaintiff Clifford Cato*

SO ORDERED:
*(signature)*
U.S.D.J.

6/20/08

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| CLIFFORD CATO | Case No. 07-10992 (DC) |
| Plaintiff, | |
| v. | |
| UNITED PARCEL SERVICES, INC. | |
| Defendant. | |

## CONFIDENTIALITY ACKNOWLEDGEMENT AND AFFIRMATION

I acknowledge that I have read and understand the Confidentiality Agreement and Order governing the confidentiality of data, documents, and information, which was entered into by and among Plaintiff Clifford Cato and Defendant United Parcel Service, Inc. on June ___, 2008, in the matter of *Clifford Cato v. United Parcel Services, Inc.*, Case No. 07-10992 (DC), in the United States District Court for the Southern District of New York. I qualify under its provisions as a person who may have access to data, documents, and information deemed Confidential under the Confidentiality Agreement. I will abide by the terms and provisions set forth in the Confidentiality Agreement and subject myself to the personal jurisdiction of this Court to enforce its terms.

Dated: _____.

_____
[Name]
[Address]
[Telephone]